UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NASSAU COUNTY, NY,

        *Plaintiff*,

        -against-

MYLAN PHARMACEUTICALS, INC., *et al.*,

        *Defendants*.

------------------------------------------------------------------x

**MEMORANDUM & ORDER**
2:23-CV-5382 (OEM) (ARL)

**ORELIA E. MERCHANT, United States District Judge:**

Before the Court is plaintiff, the County of Nassau, New York ("Plaintiff" or "Nassau")'s motion to remand. This action brought by Plaintiff against 31 corporate defendants[1] arises out of a coordinated and consolidated civil opioid litigation, *In re Opioid Litigation*, Index No. 400000/2017 (Garguilo, J.) (Suffolk Cnty Sup. Ct. 2017).

For the following reasons, Plaintiff's motion to remand is **GRANTED**, and this case is **REMANDED** back to New York State Court for Suffolk County, Index No. 400000/2017 for all further proceedings. No stay of this decision pending appeal shall issue.

---

[1] Mylan Pharmaceuticals, Inc.; Sandoz, Inc.; West-Ward Pharmaceuticals Corp. *n/k/a* Hikma Pharmaceuticals, Inc.; Amneal Pharmaceuticals, Inc.; KVK-Tech, Inc.; Indivior Inc. *f/k/a* Reckitt Benckiser Pharmaceuticals, Inc.; Assertio Therapeutics *f/k/a* Depomed, Inc.; Abbott Laboratories, Inc.; Sun Pharmaceutical Industries, Inc.; Zydus Pharmaceuticals (USA) Inc.; Novartis AG *a/k/a* Novartis Inc.; Novartis Pharmaceuticals Corporation (collectively, the "Manufacturer Defendants"); Henry Schein, Inc.; Henry Schein Medical Systems, Inc.; Koninklijke Ahold MDelhaize N.V.; Ahold Delhaize USA, Inc.; American Sales Company, LLC (collectively the "Distributor Defendants"); Associated Pharmacies, Inc.; Costco Wholesale Corporation; Target Corporation; Wegmans Food Markets, Inc.; KPH Healthcare Services, Inc. *d/b/a* Kinney Drugs; Kinney Drugs; The Stop & Shop Supermarket Company LLC *d/b/a* Stop & Shop Pharmacy (collectively, the "Pharmacy Defendants"); Express Scripts Holding Company; Express Scripts, Inc.; UnitedHealth Group Incorporated; Medco Health Solutions, Inc.; Merck-Medco; Optum, Inc.; OptumRx Inc.; Navitus Holdings, LLC; Navitus Health Solutions, LLC (collectively, the "Pharmacy Benefit Defendants") (altogether, the "Defendants").

1

## BACKGROUND[2]

This suit is one of many such opioid actions brought by New York municipalities—indeed by municipalities "around the country"—seeking to hold the entire opioid supply chain liable for their alleged respective roles in one of the "most significant healthcare crises in our nation's history," the opioid epidemic. Removing Defendants' Opposition to the Motion for Remand, ECF 88 ("Opp") at 22 n.4; Second Amended Complaint, ECF 76-3 (originally filed at 75-1), ¶ 1011.

"Starting in 2017, various New York cities, counties, and towns filed dozens of cases in New York state court against dozens of opioid manufacturers, distributors, and pharmacies. . . . to recoup costs allegedly incurred in addressing issues related to opioid abuse." ESI Removal Notice ¶ 1. This case started June 12, 2015, as *Nassau County, NY v. Purdue Pharma L.P., et al.* "In July 2017, the New York State Court Litigation Coordination Panel ('LCP') ordered all similar opioid matters filed in state court to be coordinated in the Suffolk County Supreme Court under the caption *In re Opioid Litigation*, Index No. 400000/2017." *Id.* ¶ 8. "Certain of the cases— including this case—were selected for a bellwether trial and designated as *In re Opioid Litigation*

---

[2] The following facts and background are drawn from the OptumRx's notice of removal ("OptumRx Removal Notice"), ECF 1; Express Scripts' supplemental notice of removal ("ESI Removal Notice"), ECF 21; the Second Amended Complaint, ECF 76-3 (originally filed at ECF 75-1), and incorporates the exhibits attached thereto, and materials the parties submitted related to this motion. *Maguire v. A.C. & S., Inc.*, No. 14 Civ. 7578 (PAE), 2015 WL 4934445, at *1 n.1 (S.D.N.Y. Aug. 18, 2015) ("In resolving this motion, the Court treats all facts alleged in these pleadings as true. . . . The Second Circuit [ ] has said that, on jurisdictional issues, federal courts may look outside the pleadings to other evidence in the record, and therefore the court will consider material outside of the pleadings submitted on a motion to remand." (internal quotation marks and citations omitted)); *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna U.S. Healthcare*, No. 15-cv-2007 (KBF), 2015 WL 2183900, at *3 (S.D.N.Y. May 11, 2015) ("In resolving a motion to remand, the Court is not limited to the allegations in the pleadings and may also consider extrinsic evidence.") (subsequent history omitted). The Court also takes judicial notice of other cases and related filings where necessary for the fact of their existence, not for their truth. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006); Fed. R. Evid. 201.

–*Track I Cases*.  The Track I Cases culminated in a trial that reached a verdict against certain defendants on the issue of liability on December 30, 2021."³  *Id.* ¶ 9.

In April 2023, Plaintiff amended its operative master state court complaint.  *See* First Amended Complaint, ECF 76-6.  Relevant here, Plaintiff named the pharmacy benefit manager defendants OptumRx, Inc. ("OptumRx") and Express Scripts, Inc., ("Express Scripts" or "ESI") (the "Removing Defendants").

Upon the Removing Defendant's addition to *In re Opium Litigation* in June of 2023, OptumRx timely removed this action by filing a notice of removal on July 15, 2023 in the Eastern District of New York.  *See generally* OptumRx Removal Notice.  On July 28, 2023,  Express Scripts filed their own supplemental notice of removal.  *See* ESI Removal Notice.  Both Removing Defendants alleged in their respective notices of removal that they were parties to contracts with various federal agencies to provide and administer pharmacy benefit services for federal clients.  For example, ESI has contracts with the U.S. Department of Defense ("DoD") to administer pharmacy benefit services for the TRICARE health plan as well as for Federal Employees Health Benefits Program ("FEHBP") administered by the U.S. Office of Personnel Management ("OPM").  *See* ESI Removal Notice ¶¶ 4-5; *see also* OptumRx Removal Notice ¶¶ 2, 5.  As grounds for removal, the Removing Defendants invoked the federal officer removal statute, 28 U.S.C. § 1442(a)(1), alleging they had acted under a federal officer and were raising a colorable

---

³ Thirty-four other *In re Opioid* cases in August 2022 were transferred by the LCP to Westchester County Supreme Court under the caption *In re Opioid Litigation – Non-Track I Cases*, Index No. 75000/2022.  ESI Removal Notice ¶ 10.  Removing Defendants have also removed those 34 cases to the Southern District of New York, and they have now been consolidated under *Westchester County v. Mylan Pharmaceuticals, Inc. et al.*, 7:23-cv-06096-CS (2023) (Seibel, J.).

3

government-contractor defense.  *See* OptumRx Removal Notice ¶¶ 14-44; ESI Removal Notice ¶¶ 4, 21-80.

 The Court subsequently granted the parties' joint motion to stay any answer or response to the complaint until 60 days after the order and decision resolving the motion for remand.  *See* Order dated Aug. 10, 2023.

On September 26, 2023, the Court held a pre-motion conference regarding Plaintiff's anticipated motion to remand and set an initial briefing schedule.  *See* Minute Entry dated Sept. 26, 2023.

On October 11, 2023, Plaintiff filed a motion to file a second amend complaint, providing as an attachment Plaintiff's proposed second amended complaint, which was filed under seal.  *See See* ECF 76-3 (originally filed at ECF 75-1); *supra* note 2.  On October 16, the Court granted the motion to amend, making the Second Amended Complaint the current operative complaint in this action and reset the briefing schedule for the motion to remand.  *See* Order dated Oct. 16, 2023.  The Court also requested supplemental briefing on any proposed sealing of the Second Amended Complaint.  *See id.*

On December 7, 2023, the fully bundled motion to remand was filed.  *See* Plaintiff's Memorandum of Law in Support of Remand ("Pl's Memo"), ECF 87-1; Removing Defendants' Opposition to Remand ("Opp."), ECF 88; Plaintiff's Reply ("Reply"), ECF 92.  The case is ripe for adjudication.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction.  *Badgerow v. Walters*, 596 U.S. 1, 7 (2022); *see also Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1745 (2019) (citations

omitted) ("[F]ederal courts are courts of limited jurisdiction" and "may not exercise jurisdiction absent a statutory basis."). One such basis is "[t]he federal-officer removal statue . . . [which] provides that a case may be removed from state to federal court when the case is brought against '[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.'" *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, No. 19-CV-6070 (PKC) (SMG), 2020 WL 3129162, at *3 (E.D.N.Y June 12, 2020) (quoting 28 U.S.C. § 1442(a)(1)).

A defendant that is not itself a federal officer must satisfy a three-pronged test to determine whether it may effect removal on this basis. To do so, a defendant must "(1) show that it is a person within the meaning of the statute who acted under a federal officer, (2) show that it performed the actions for which it is being sued under color of federal office, and (3) raise a colorable federal defense." *State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 142-43 (2d Cir. 2023) (quotation marks and citations omitted); *see Isaacson v. Dow Chem Co.*, 517 F.3d 129, 135 (2d Cir. 2008). The propriety of a defendant's removal is a matter of subject matter jurisdiction and cannot be waived. *See Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010). As federal courts may only hear and adjudicate a limited class of claims, this Court has an "unflagging obligation" to be sure of its own jurisdiction (or lack thereof). *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). "The party asserting jurisdiction bears the burden of proving that the case is properly in federal court and that party may not be relieved of its burden by any formal procedure." *Yong Qin Luo*, 625 F.3d at 775 (quotation marks and citation omitted).

"Removability is determined from the record as of the time the petition for removal is filed." *Id.* (cleaned up); *see Hallingby v. Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009).

But even if jurisdiction existed at the time of removal, the elimination of all federal claims after removal bears on the court's exercise of supplemental jurisdiction. *See Frawley v. Gen. Elec. Co.*, No. 06 Civ. 15395 (CM), 2007 WL 656857, at *3 (S.D.N.Y. Mar. 1, 2007) ("[W]hether to retain a removed case after post-removal dismissal of all claims that made the case properly removable presents an entirely different issue than whether removal was proper in the first place- an issue that is decided in accordance with entirely different principles."). Thus, "a properly removed case *can* be remanded to the state court after [a] complaint is amended to remove the allegations that made removal proper." *Id.* (emphasis in original).

## DISCUSSION

Plaintiff argues that remand is appropriate because they have expressly disclaimed any claims arising from Defendants' conduct in connection with federal programs, plans, contracts, employees, and beneficiaries in the Second Amended Complaint, and thus, Removing Defendants have not satisfied the elements necessary for federal officer removal and this court should not exercise supplemental jurisdiction over their state law claims. *See generally* Pl's Memo and Reply. Removing Defendants maintain that (1) Plaintiff's post-removal amendments do not affect the propriety of the removal, (2) Removing Defendants properly removed this case under 28 U.S.C. § 1442(a)(1), (3) Plaintiff's disclaimers are illusory, as Plaintiff's complaints still reflect liability and damages theories that implicate the work that the Removing Defendants do at the behest of federal clients, (4) even if the disclaimers are viable, the Court should retain supplemental jurisdiction given the federal questions and federal defenses which permeate Plaintiff's claims,

6

and (5) the Court should stay the execution of any order of remand until the Removing Defendants have an opportunity to appeal. *See generally* Opp.

### A. Plaintiff's Disclaimers and Federal Officer Jurisdiction

While Removing Defendants spend a great deal of time in their opposition to Plaintiff's remand motion on the propriety of the removal in the first instance, ultimately, they miss the thrust of Plaintiff's motion which is that, notwithstanding the propriety of removal, Plaintiff has since amended the operative pleading to eliminate the bases of federal officer jurisdiction. Accordingly, this Court's focus is not on whether removal was proper in the first instance, but on whether the disclaimers are effective, and if so, whether the Court should nevertheless exercise supplemental jurisdiction over these cases.[4] *See Westchester County, et al. v. Mylan Pharmaceuticals, Inc., et al.,* No. 23-CV-6096 (CS), 2024 WL 3043121, at *6 (S.D.N.Y. June 18, 2024) (remanding 34 related New York opioid cases brought by municipalities in similar procedural posture back to state court).

Here, the Second Amended Complaint includes the following paragraphs[5]:

- This lawsuit does not seek damages related to the federal government or for conduct undertaken pursuant to contracts with the federal government, nor does it challenge the creation of custom formularies for, or on behalf of, a federal government agency or federal officer, such as for any Federal Employees Health Benefits Act ("FEHBA"), TRICARE-governed health benefits plan or any other federal plan. Furthermore, it does not seek to recover moneys paid by the federal government pursuant to such plans. As such, the

---

[4] Thus, the Court need not address whether these cases were originally removable under 28 U.S.C. § 1442(a)(1). *See Westchester County, et al. v. Mylan Pharmaceuticals, Inc., et al.,* No. 23-CV-6096 (CS), 2024 WL 3043121, at *6 (S.D.N.Y. June 18, 2024); *see also Healthcare Venture Partners, LLC v. Anthem Blue Cross & Blue Shield*, No. 1:21-cv-29, 2021 WL 5194662, at *5 (S.D. Ohio Nov. 8, 2021*)* ("[T]he Court need not decide whether the inclusion of one or more [benefit claims] arising from a FEHBA-plan would make the case removable under § 1442(a)(1). That is because the Court finds that, to the extent any such claims were ever part of this action, [plaintiff] has waived those claims in connection with its action here.").

[5] For a full recitation of all the disclaimer paragraphs, s*ee* Second Amended Complaint, ¶¶ 2-6; *see also* Pl's Memo at 9 n.7 (providing citation to additional disclaimers throughout the Second Amended Complaint and allegations whose facts are further "narrowed to state claims and examples of specific evidence of conduct").

7

    Complaint does not seek relief from any PBM Defendant that is available pursuant to any claim(s) involving a federal government agency, federal officer or federal government contracting officer associated with any FEHBA or TRICARE-governed health benefits plan or federal health insurance program . . . .   Second Amended Complaint ¶ 3.

- This lawsuit does not contain claims against the Defendants that are federal in character related to prescriptions adjudicated or processed under any federal program or federal contract, including OptumRx's contract with the Veterans Health Administration or pharmacy care services provided to the federal government, Express Script's contracts with the U.S. Department of Defense, the TRICARE health care program, and other health plans participating in the FEHBP overseen or administered by the federal government; nor does it include requests for relief governed by, or available pursuant to claims associated with any FEHBP or TRICARE-governed health benefits plan . . . Plaintiff further disclaims any claims herein regarding: (1) conduct related to prescription claims for federal plans that may or may not have caused an oversupply of prescription opioids or caused or contributed to the harms for which Plaintiff seeks recovery, (2) Express Scripts' pharmacy benefits management or mail order pharmacy work for the Department of Defense under any TRICARE Contract and pertaining to health plans under FEHBA, including the operation of mail order pharmacies in accordance with contractual guidelines set by the federal government . . . .  *Id.* ¶ 4.

- Plaintiff disavows any cause of action or claim for recovery related to opioids distributed to military personnel, veterans, federal customers or health plan beneficiaries under the authority or direction of a federal officer, federal agency, or pursuant to any federal contract; or any statutory mandate to provide health care to beneficiaries of federal plans, military personnel or veterans and/or their beneficiaries through the TRICARE federal health insurance program; contracts pertaining to pharmacy benefit management and mail order pharmacy services for federal employees, including pertaining to the TRICARE Home Delivery/Mail Order Pharmacy, or programs such as Meds by Mail; or federal contracts where a federal officer or agency directed or exercised guidance and control over Defendants' conduct as described generally in this lawsuit; the operation or management of a TRICARE mail order pharmacy; or federal contracts pertaining to dispensing by mail order pharmacies to beneficiaries of federal plans, military personnel or veterans and/or their beneficiaries; or prescription claims under a contract between Defendants and the federal government.  *Id.* ¶ 5.

- Plaintiff expressly disclaims and disavows any and all federal claims or questions related to opioids at issue in this lawsuit and disavows any cause of action or claim for recovery related to opioids at issue that could give rise to federal subject matter jurisdiction under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1442 (a)(1) (federal officer). Plaintiff is not seeking relief for any and all claims for damages against any Defendant whose conduct whether by omission or commission, was engaged in at the behest of the United States or any agency or person acting under him or under color of such office to the

      extent that such a claim would implicate federal court jurisdiction under 28 U.S.C. § 1442(a)(1) . . . . *Id.* ¶ 6.

- Plaintiff does not allege claims related to military personnel, veterans, federal customers, or federal health plan beneficiaries. *Id.* ¶ 916, *passim*.

These disclaimers are identical to the ones found to be effective by Judge Seibel in *Westchester County.* 2024 WL 3043121, at *3-4. And for the same reasons stated in that decision, the Court independently finds that "the federal claims ha[ve] been abandoned[.]" *Chapman v. Crane Co.*, 694 F. App'x 825, 827–28 (2d Cir. 2017) (summary order). Specifically, the Court finds that these new and modified allegations are sufficiently specific and tailored so as to "renounce any claims or recovery related to the Removing Defendants' services, conduct, and contracts in connection with TRICARE, the FEHBA, the VHA or any other federal program." *Westchester County*, 2024 WL 3043121, at *6-7 (collecting similar cases); *see also Frawley*, 2007 WL 656857, at *3 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988)) ("[T]he United States Supreme Court has held that a properly removed case *can* be remanded to the state court after the complaint is amended to remove the allegations that made removal proper.").[6]

---

[6] Removing Defendants also raised in this case the identical arguments as in *Westchester County* that the Plaintiff's disclaimers are "ineffective and illusory" given the diffuse nature of nuisance injuries, arguing that such injury is "indivisible" and "incompatible" with the Second Amended Complaint. Opp. at 18-19. As explained by several other courts such arguments are unpersuasive because "when carried to its logical end, [the argument] assumes that any organization that contracts with the government, including for services that are also available to private organizations, may *always* take advantage of federal officer removal if any portion of the work it performs is on behalf of *both* private and government organizations, even if the government services are not at issue." *People of the State of California v. Eli Lilly & Co.*, No. 2:23-cv-01929-SPG-SK, 2023 WL 4269750, at *6 (C.D. Cal. June 28, 2023) (emphasis in original). "Yet [Removing Defendants have] not provided authority for this proposition, nor has the Court found any such authority, especially under circumstances similar to the present case, where Plaintiff has repeatedly demonstrated that it does not seek to sue over any conduct performed on behalf of a federal entity. Therefore, the Court rejects the Removing Defendants' factual indivisibility arguments." *Id.*; *accord Westchester County. See* 2024 WL 3043121, at *8 (collecting cases).

9

B. **Supplemental Jurisdiction**

The Court now turns to the central question in this motion, which is not whether this court may retain the case—it may—but rather whether this court *should* retain the case. *See Frawley*, 2007 WL 656857, at *3 (emphasis added) (removed under § 1442(a) then remanded); *see Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 117 (2d Cir. 2013) ("The exercise of supplemental jurisdiction is within the sound discretion of the district court.").

Plaintiff contends that the Court should decline supplemental jurisdiction over the state law claims in the action because the Second Amended Complaint has now "excised all factual grounds for removal as identified by Removing Defendants previously." Reply at 1 n.1; *see* Pl's Memo at 22-25. Removing Defendants contest that remand is proper for various reasons, none of which are persuasive or in accordance with precedent. Opp. at 22-24.

"Section 1367(c) provides four specific bases for declining supplemental jurisdiction over a claim."[7] *Pro Bono Invs., Inc. v. Gerry*, No. 03 Civ. 4347 (JGK), 2005 WL 2429787, at *13 (S.D.N.Y. Sept. 30, 2005). The Second Circuit "has held that, as a precondition to declining supplemental jurisdiction, a district court must identify a factual predicate corresponding to one of Section 1367(c)'s four enumerated categories." *Id.* (citing *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446-47 (2d Cir. 1998)). Because this Court has concluded that the Plaintiff's disclaimers are effective in expressly disclaiming the basis upon which federal

---

[7] 28 U.S.C. § 1367(c) provides: The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-

    (1) the claim raises a novel or complex issue of State law,
    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    (3) the district court has dismissed all claims over which it has original jurisdiction, or
    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

officer removal was based, the Court finds those "claims" dismissed for the purposes of the supplemental jurisdiction analysis.[8] *See* 28 U.S.C. § 1367(c).

Given the new allegations in the Second Amended Complaint and the additional context in which they were drafted, this Court finds, as other courts have, that Nassau has effectively "dismissed" any federal claims or remedy therefrom by abandonment. 28 U.S.C. § 1367(c)(3). *See Maguire v. A.C. & S., Inc.*, No. 14 Civ. 7578 (PAE), 2015 WL 4934445, at *3 (finding abandonment language added to the amended complaint "so as to limit the reach of the [] causes of action" constituted a "dismiss[al]" of those claims under § 1367(c) and collecting cases); *cf. Frawley*, 2007 WL 656857, at *2, 5 (explaining that the court would "not hesitate to remand the case back to the New York State Supreme Court" if plaintiffs "delete[d]" and abandoned any and all claims against Navy contractor arising out of the plaintiff's naval experience).

Finding factual predicate sufficient to support basis for remand, the Court now turns to the discretionary considerations warranting remand: "judicial economy, procedural convenience, fairness to litigants, and comity to the States." *Carnegie-Mellon,* 484 U.S. at 343.

As to judicial economy and convenience, the Supreme Court has opined that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims

---

[8] Indeed the Second Circuit has acknowledged that that the "claims giving rise to original jurisdiction" need not be "formally dismissed for a properly removed case to be remanded to state court." *Chapman*, 694 F. App'x at 827–28; *cf. Valencia v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003) (concluding district court abused discretion in retaining supplemental jurisdiction where plaintiffs had abandoned all federal claims; it was a relatively early stage of the case; "[n]o substantive motions had been filed; no judicial opinions had been issued; and the case was not yet ready for trial"); *Carnegie-Mellon*, 484 U.S. at 345 ("[A] federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal-law claims in the action have been eliminated and only pendent state-law claims remain.").

remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon*, 484 U.S. at 350. As only state law claims remain, this militates toward remand to the coordinated litigation that remains in place. That the coordinated litigation already has in place its own procedures and devices to handle these cases only makes it more clear that the Court should decline jurisdiction.[9] In state court, this case would be "under the leadership of an able and experienced jurist, who has developed appropriate procedures for expediting this class of lawsuit." *Frawley*, 2007 WL 656857, at *4. As the parties themselves admit, "this case is especially complex—the complaint is nearly 150 pages long and contains seven causes of action, and at least 34 other New York municipalities have filed similar cases." Stipulation To Extend Time To Respond To Complaint ("Extension Stipulation"), ECF 6, ¶ 3. Given the foregoing, judicial convenience and economy weighs heavily in favor in remand.

As to any unfairness to the defendants, there can be none. First, there was no surprise here. In fact, in a stipulation filed just four days after removing the case, the parties represented that they were anticipating a motion to remand and requested additional time. *See id.* ¶¶ 1, 3, 5. Removing Defendants were also on notice since the pre-motion conference that Plaintiff would intend to amend the complaint with this express intent in mind. *See supra* Background. The remand motions were promptly filed in accordance with the Court's briefing schedule and no further delay in briefing has occurred. This counsels in favor of remand. *See Maguire*, 2015 WL 4934445, at *5 (remanding where plaintiff "filed her motion to remand promptly, before any discovery had

---

[9] *See, e.g.*, *In re Opioid*, Case Management Order #1, NYSCEF 10; *id.*, Case Management Order # 2, NYSCEF 541 ("This Case Management Order No. 2 is intended to ensure efficient use of judicial resources and the facilities and personnel of the court, reduce duplicative or inconsistent rulings, orders or judgments, serve the convenience of the parties, witnesses, and counsel, and promote the just, speedy and inexpensive determination of this proceeding.").

been conducted" and "thus did not postpone the litigation, waste judicial resources, and perhaps cause inconsistencies in discovery procedure.").

Second, this case has not been litigated in any meaningful way beyond the instant motion to remand and no discovery has been taken. Thus, there is no "substantial unfairness or inconvenience to the parties" present that would weigh in favor of keeping the case in this forum. *Westchester County*, 2024 WL 3043121, at *10 (collecting cases).

As to comity between state and federal systems, both the litigants and New York citizens "have an interest in the prompt and efficient resolution of controversies based" on New York state laws. *Carnegie-Mellon*, 484 U.S. at 353. Here the state interest is outsized as compared to any federal interest. Countless New York municipalities have doggedly pursued their state law claims against the full spectrum of the pharmaceutical supply chain since 2017 seeking to recoup damages caused by the opioid epidemic to their citizens and municipalities' coffers. These municipalities have secured settlements and a bellwether victory against other plaintiffs (who are no longer at issue). *See, e.g.,* Purdue Settlement, *In re Opioid*, NYSCEF 1025. Comparatively, while at the time of removal there may have been a federal interest in hearing Removing Defendants' colorable federal defenses in a federal forum, that interest is no longer present given Plaintiff's effective disclaimer of any such government-contractor-based claims.[10] Lastly, with the remand of the 34 cases, it makes little sense as a matter of comity for this Court to retain this case and risk inconsistent adjudications of the same central state-law claims.

---

[10] And, to the extent such an issue may arise in the future, state court justices are "perfectly capable of applying the correct law (which is federal law)." *Frawley*, 2007 WL 656857, at *5 ("That the New York State courts are familiar with the government contractor defenses in [toxic tort cases] is abundantly clear.").

13

At bottom, "[t]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Carnegie-Mellon*, 484 U.S. at 350. Here, the "most sensible" outcome is to remand back to New York State Court. Accordingly, the Court declines to exercise supplemental jurisdiction.

### C. Stay of the Execution of the Remand Order is Not Warranted

Removing Defendants request that the Court stay execution of the remand for at least thirty days to preserve their right to appeal, and to maintain the stay if they appeal. Opp. at 24-25. As an initial matter, Removing Defendants do not present, much less argue, the relevant four-part legal test for staying an order pending appeal, nor do they provide authority otherwise indicating that the Court should stay litigation in these specific circumstances.[11] *See Nken v. Holder*, 556 U.S. 418, 433–34 (2009). Simply requesting a stay is insufficient, as "[t]he Court is not responsible for developing arguments on a party's behalf or addressing conclusory claims." *Chui v. American Yuexianggui of Li LLC*, No. 18-CV-05091 (JMA) (AKT), 2021 WL 4482656, at *3 (E.D.N.Y. July 26, 2021), *report and recommendation adopted*, 2021 WL 4480736 (E.D.N.Y. Sept. 30, 2021). As such, the Court finds that Removing Defendants have failed to carry their "burden of showing that the circumstances justify an exercise of" of the court's discretionary and equitable power to injunct the legal process of remand. *Nken*, 556 U.S. at 427, 434 ("A stay is an intrusion into the ordinary processes of administration and judicial review.").

---

[11] "Those legal principles have been distilled into consideration of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quotation marks omitted).

In any case, the Court's own review under the relevant stay factors indicates no imminent irreparable injury will befall the Removing Defendants by remanding the case back to state court. Rather, the Removing Defendants will have to continue litigating and expending monetary resources as they already have for over six years. Both the public interest and the balance of the equities favor Plaintiff as well. Plaintiff and those members of the public they allege are harmed by all defendants' actions will be needlessly delayed pending appeal when in fact there is as a specialized tribunal ready to shepherd this phase of the case to a fair and just resolution. *See People v. Eli Lilly & Co.*, No. 2:23-cv-01929-SPG-SK, 2023 WL 4681625, at *1 (C.D. Cal. July 14, 2023) (denying Removing Defendants stay in same removal-remand scenario). The request for a stay is denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion to remand is **GRANTED,** and this case is **REMANDED** to the Supreme Court of the State of New York, Suffolk County. The Clerk of Court is directed to remand the case to the Supreme Court of the State of New York, Suffolk County under Index No. 400000/2017, *In re Opioid Litigation*, and close the case.

**SO ORDERED.**

/s/ Orelia E. Merchant
ORELIA E. MERCHANT
United States District Judge

Dated: July 4, 2024
Brooklyn New York

15