```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NASSAU COUNTY, NY,
```

                          Plaintiff,                                **REPORT AND**
                                                                              **RECOMMENDATION**
                -against-                                  23-CV-5382 (OEM) (ARL)

MYLAN PHARMACEUTICALS, INC., et al.,

                        Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the Court, on referral from District Judge Merchant, is the plaintiff's motion for an award of attorneys' fees. For the reasons set forth below, the undersigned respectfully recommends that the plaintiff's motion be denied.

BACKGROUND

       The plaintiff, Nassau County (the "County"), commenced this action in the Suffolk County Supreme Court, seeking money damages for the financial losses it suffered combating the opioid epidemic. In July 2017, the New York State Court Litigation Coordination Panel issued an order requiring that any opioid matters filed in the state court similar to the instant action be transferred for coordination to the Suffolk County Supreme Court under the caption *In re Opioid Litigation*, Index No. 400000/2017. ECF No. 109. In late 2021, some of the cases, including this case, were selected for a bellwether trial that reached a verdict against several defendants on the issue of liability. *Id.* In April 2023, following the trial, the County amended its complaint to add pharmacy benefit managers as defendants including OptumRx, Inc. ("OptumRx") and Express Scripts, Inc., ("Express Scripts").

       On July 15, 2023, the case was removed to this Court by OptumRx pursuant to 28 U.S.C. § 1442(a), the federal-officer removal statute. ECF No. 1. On July 28, 2023, Express Scripts

filed its own supplemental notice of removal under the same statute. ECF No. 21. Although OptumRx and Express Scripts are both private parties, not federal officers, they argued that they had a colorable government contract defense because they were parties to contracts with various federal agencies and were acting at the direction and supervision of the federal government.

On August 3, 2023, the County filed a premotion conference letter with the Court indicating that it planned to file a motion to remand the case back to the state court in Westchester County where claims in Non-Track I matters were being addressed. However, two weeks later, before it filed the motion, the County contacted the removing defendants and offered to stipulate to disclaim all federal claims and any basis for removal under the federal officer removal statute. OptumRx and Express Scripts rejected the offer to stipulate. Then, on October 11, 2023, in an effort to further resolve the issues surrounding the anticipated motion to remand, the County filed a motion seeking to amend its complaint, this time to carve out allegations used to support the notices of removal based exclusively on the federal officer statute. The motion to amend was granted on October 16, 2023. The amended complaint, which became the operative pleading, included a disclaimer of any claims for conduct by the defendants under contracts with the federal government or officers and those regarding federal plan beneficiaries, military personnel, veterans or others under the specific federal plans identified in the notices of removal.

On December 7, 2023, the County filed the motion to remand. The County argued, as it had in the premotion conference letter, that it was not asserting claims that were federal in character related to opioids prescriptions adjudicated or processed under federal programs, contracts, or plans or claims involving federal officers, contracts, claims and/or beneficiaries. Specifically, the County indicated that its allegations were never intended to implicate federal customers, programs, or agencies like the Veterans Health Administration ("VHA"), the

Department of Defense's ("DoD") TRICARE operations or the Office of Personnel Management's ("OPM") Federal Employee Health Benefits ("FEHB") program, nor did its claims challenge the administration of any such programs by a third party.

By order dated July 4, 2024, the Court granted the County's motion and remanded the case back to the Suffolk County Supreme Court, Index No. 400008/2017, for all further proceedings. In its decision, the Court highlighted the fact that the federal claims had been abandoned. The Court further noted that the new allegations were sufficiently tailored to renounce any claims for recovery related to OptumRx and Express Script's services, conduct, and contracts in connection with TRICARE, the FEHB, the VHA or any other federal program.

Two weeks after the case was closed, the County filed the instant motion for attorneys' fees arguing that the defendants had lacked an objectively reasonable basis to maintain the case in federal court.

## DISCUSSION

### A. Standards of Law

Under 28 U.S.C. § 1447(c), "[a]n order remanding [a] case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Westchester Cnty. v. Mylan Pharms.,* Inc., No. 23-CV-6096 (CS), 2025 WL 369716, at *2 (S.D.N.Y. Feb. 3, 2025) (citing 28 U.S.C. § 1447(c)(emphasis added)). The standard for awarding fees under the statute turns on the reasonableness of the removal. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "A basis for removal is objectively

3

reasonable if the removing party had a colorable argument that removal was proper." *Westchester Cnty.*, 2025 WL 369716, at *2 (citing *Capital2Market Consulting, LLC v. Camston Wrather, LLC*, No. 22-CV-7787, 2023 WL 2366975, at *4 (S.D.N.Y. Mar. 6, 2023)). In other words, "[i]f a defendant's grounds for removal are not clearly barred by established federal law, then an award of attorney's fees and costs is improper." *Id*. (citing *Little Rest Twelve, Inc. v. Visan*, 829 F. Supp. 2d 242, 245 (S.D.N.Y. 2011)).

### B. The Objectively Reasonable Basis for Removal

In this case, the County argues that it is entitled to an award of attorneys' fees because OptumRx and Express Script lacked an objectively reasonable basis for removing the case after it offered to stipulate to disclaim all federal claims and even filed an amended complaint to further effectuate the disavowal of any claims that might have formed a basis for removal under the federal officer removal statute. However, the Second Circuit has made clear that under § 1447(c), "[o]bjective reasonableness is evaluated based on the circumstances as of the time that the case was removed." *Williams v. Int'l Gun-A-Rama,* 416 F. App'x 97, 99 (2d Cir. 2011). This case was removed to the Court in mid-July 2023. The County did not contact the defendants to propose entering into the stipulation until mid-August. It did not file the amended complaint expressly disavowing the claims until October.

Indeed, in July, when Optum Rx removed the case to this Court, the operative pleading was the amended complaint filed in April 2023. The County alleged in that complaint that it was entitled to recover damages from pharmacy benefit managers like OptumRx and Express Scripts who had offered health-plan clients lists of drugs that did not properly restrict opioids or control formularies. In its removal, OptumRx asserted that the claims implicated OptumRx's performance at the direction of federal government entities. ECF No. 1. Express Scripts

4

similarly argued, as a basis of removal, that it had performed some of the allegedly improper pharmacy services at the direction and supervision of the federal government, specifically, the DoD. Express Scripts further argued that it was also providing health services to health plans participating in the FEHB, which is administered and overseen by OPM. ECF No. 21.

"The federal-officer removal statute . . . provides that a case may be removed from state to federal court when the case is brought against 'the United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office.'" *Westchester Cnty.*, 2025 WL 369716, at *2 (citing *Hicksville Water Dist. v. Jerry Spiegel Assocs., Inc.*, No. 19-CV-6070, 2020 WL 3129162, at *3 (E.D.N.Y. June 12, 2020) (quoting 28 U.S.C. § 1442(a)(1)). Although a defendant that is not itself a federal officer must satisfy certain criteria in order to effect removal under the statute, *see State by Tong v. Exxon Mobil Corp.*, 83 F.4th 122, 142-43 (2d Cir. 2023), the federal officer removal statute is construed broadly. *Westchester Cnty.*, 2025 WL 369716, at *2. Accordingly, the defendants had an objectively reasonable basis to believe that removal was proper in July 2023.[1]

### C. The County's Frivolity Argument

In its reply, the County appears to shift its legal argument. Specifically, the County states that it did not intend to suggest that it was automatically entitled to fees. Indeed, the County acknowledges that this Court never concluded that OptumRx or Express Scripts "had no objectively reasonable basis for removal." ECF No. 113. Instead, the County argues that, even

---

[1] It warrants mention that the County's reliance on *Savino v. Savino*, 590 F. App'x 80, 81 (2d Cir. 2015) is misplaced. As Judge Seibel stated in *Westchester Cnty,* the *Savino* case deals with federal question jurisdiction and has no applicability to federal officer removal. *Westchester Cnty.*, 2025 WL 369716, at *3.

if the removal was initially reasonable, the Court should award it attorney's fees because the defendants chose to maintain the case using "frivolous and objectively unreasonable means." *Id.*

While it is true that a Court may award attorney's fees under § 1447(c) in "unusual circumstances," *see Westchester Cnty.,* 2025 WL 369716, at *4 (citing *Calabro v. Aniqa Halal Live Poultry Corp.*, 650 F.3d 163, 166 (2d Cir. 2011)), "its reasons for departing from the general rule should be faithful to the purposes of awarding fees under Section 1447(c)." *Id.* (citing *CMGRP, Inc. v. Agency for the Performing Arts, Inc.,* 689 F. App'x 40, 41 (2d Cir. 2017) (summary order)). Those purposes include "disincentivizing actions that delay resolution of the case, impose additional costs on both parties, and waste judicial resources." *Id.* In this case, the County can, at best, argue that the removing defendants refusal to stipulate to the remand forced it to incur additional legal fees associate with the motion practice. However, it is clear to the undersigned that the defendants did so because they believed that they had a valid basis to oppose the remand motion. While they were ultimately unsuccessful, the arguments they propounded in this and the related *Westchester Cnty* case were not frivolous. *Id.* (the defendants "indivisibility argument" and argument based on the exercise of supplemental jurisdiction were not frivolous). Accordingly, the undersigned does not agree that the failure to stipulate to remand constituted an "unusual circumstance" sufficient to warrant an award of attorney's fees.

For the reasons set forth above, the undersigned respectfully recommends that the motion be denied.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the

Court via ECF.  Any requests for an extension of time for filing objections must be directed to Judge Merchant prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Mejia v. Roma Cleaning, Inc.*, No. 17-3446, 2018 U.S. App. LEXIS 28235, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:  Central Islip, New York
        February 28, 2025

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge